ZAINEY, J.
MARCH 17, 2006

                  UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

KIM ZIEGLER, ET AL.                           CIVIL ACTION

VERSUS                                           NO. 05-2116

U.S. VETERANS ADMINISTRATION             SECTION "A"(2)

### ORDER AND REASONS

Before the Court is a **Motion to Dismiss for Lack of Subject-Matter Jurisdiction or Alternatively Motion for Summary Judgment (Rec. Doc. 21)** filed by defendant the United States of America ("Defendant"). Plaintiffs, Kim Ziegler and Dana Grayson, individually and on behalf of their deceased father Murrey Grayson ("Plaintiffs"), oppose the motion. The motion, set for hearing on March 22, 2006, is before the Court on the briefs without oral argument.[1]  For the reasons that follow the motion is DENIED.

---

[1] The United States has requested oral argument. However, the Court does not believe that oral argument will aid the Court in its decision.

**I.   BACKGROUND**

Plaintiffs have filed suit against the Defendant under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), for alleged medical malpractice during treatment rendered to Murrey Grayson ("Grayson") at the Veterans Administration ("VA") Hospital in New Orleans, Louisiana.  The following factual scenario is based upon the allegations contained in Plaintiffs' original complaint.

Grayson was admitted to the VA for a coronary bypass graft. (Comp. ¶ 5).  During surgery it was determined that Grayson also needed an aortic valve replacement.  Later in the surgery, it was discovered that his right femoral artery was occluded and bypass surgery was performed there as well.  (Id.).  Prior to leaving the operating room the surgeons discovered "burns" on the rear of Grayson's right leg.  (Id. ¶ 6).  Post-operative medical records indicate that an iatrogenic injury[2] occurred during the femoral repair, specifically damage to the right lower leg, which required a post-operative vascular surgery consult.  (Id. ¶ 7).

Plaintiffs allege that the surgical team was negligent for not repositioning Grayson during the femoral artery repair, using excessive heat, failing to use proper padding to reduce pressure, and reducing circulation in the limb for an excessive period. (Id. ¶ 11).  Plaintiffs also claim that post-operatively the

---

[2] "Iatrogenic" injury is one resulting from the activity of physicians.  Dorland's Medical Dictionary (25th ed. 1974).

lesion was misdiagnosed and mistreated because the area sustained continued pressure when complete relief of pressure was appropriate.  (Comp. ¶ 12).  As a result of Grayson's injury his electrolytes became unbalanced resulting in hypocalcemia, a known complication from burns.  (Id. ¶¶ 12-13).  Grayson died on April 28, 2004, allegedly from an infection arising out of his compromised health.  (Id. ¶ 14).  The sole named defendant in this case is the United States.[3]

**II.  DISCUSSION**

Defendant moves for dismissal or summary judgment arguing that the independent-contractor exclusion applies to this case.  Defendant contends that Plaintiffs have identified Dr. Forrest Rubenstein as the negligent actor and that Dr. Rubenstein was an employee of LSU Medical Center--not the VA Hospital.  Defendant asserts that Rubenstein was an independent contractor vis à vis the hospital and that the FTCA bars suits against the United States for the acts or omissions of independent contractors.

In opposition, Plaintiffs concede that Rubenstein is not a VA employee and should therefore be dismissed from the case.[4]  Plaintiffs contend that Dr. Rubenstein's acts and omissions were

---

[3] The United States was substituted in place of the U.S. Veterans Administration on August 23, 2005.  (Rec. Doc. 8).

[4] Rubenstein is not a named party to the lawsuit so he is not subject to "dismissal."

not the sole cause of the injury that led to Grayson's death. Plaintiffs contend that they have always been on record as asserting multiple causes of the injury and resulting death. Plaintiffs argue that discovery is ongoing, that no depositions have been taken, and that they have only recently received a complete copy of Grayson's medical records.  Plaintiffs cite post-Katrina difficulties in conducting discovery and contend that summary judgment is simply premature at this time.

The Court agrees with Plaintiffs' contention regarding the prematurity of Defendant's motion.[5]  The Court has had two conferences with counsel regarding discovery in this case so the Court is well-aware of the difficulties that the parties have faced in trying to conduct discovery post-Katrina and in the efforts that both sides have made in trying to move this case forward.  Moreover, Defendant's motion focuses solely on the conduct of Dr. Rubenstein but Plaintiffs are clearly alleging negligence on the part of several members of Grayson's medical team--both during surgery and post-operative.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss for Lack of Subject-Matter Jurisdiction or Alternatively Motion for Summary**

---

[5] The Court recognizes, however, that Defendant had no choice but to file its motion for summary judgment during the course of discovery in light of the June 19, 2006, trial date and the compressed time frame for trial preparation.

**Judgment (Rec. Doc. 21)** filed by defendant the United States of America should be and is hereby **DENIED**.

\* \* \* \* \* \* \* \*

*[signature: Jay C. Zainey]*